UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KINGLSEY ANYANWUTAKU, *et al.*,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>LAWRENCE OPUTA, *et al.*,<br><br>　　Defendants. | Civil Action No. 00-367 (CKK/JMF) |

**MEMORANDUM OPINION**
(June 11, 2006)

Presently before the Court is Defendants Lawrence Oputa and Patricia Oputa's [74] Motion for Summary Judgment, filed with the Court on February 1, 2006. Plaintiffs filed an Opposition on February 27, 2006. Defendants filed a Reply on March 9, 2006. Based on the aforementioned filings, the operative complaint and answer, the relevant statutes and case law, and prior orders in this and related cases, the Court shall GRANT Defendants' [74] Motion for Summary Judgment.

The long history of the instant case, originally filed by Plaintiffs on February 24, 2000, is largely irrelevant to the operative [65] Amended Complaint filed by Plaintiffs against Defendants Lawrence Oputa and Patricia Oputa on June 13, 2005, except to the extent that the Court is guided by prior Orders of this Court and the Superior Court of the District of Columbia in determining the facts material to the case at hand. Plaintiffs' two-count Complaint alleges one count of fraud and misrepresentation as well as one count of conversion against Defendants based on Lawrence Oputa's alleged misrepresentations to various individuals and entities other than Plaintiffs in 1995. Am. Compl. at 2. At its core, Plaintiffs' confusing Amended Complaint

is premised on Plaintiffs' claims to a property located at 1304 Girard Street, NW.  Notably, all of the alleged misrepresentations indicated by Plaintiffs, barring one,[1] occurred in September and November of 1995.  *Id.*  Also notably, Defendant Patricia Oputa is not mentioned anywhere in the Amended Complaint.  Plaintiff requests joint and several relief in the amount of $2,250,000 from Defendants based on these alleged misrepresentations.

      Defendants filed a Motion for Summary Judgment in the instant case on February 1, 2006.  A party is entitled to summary judgment if the pleadings, depositions, and affidavits demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).  Under the summary judgment standard, Defendant, as the moving party, bears the "initial responsibility of informing the district court of the basis for [its] motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits which [it] believe[s] demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Plaintiff, in response to Defendant's motion, must "go beyond the pleadings and by [his] own affidavits, or depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial."  *Id.* at 324 (internal citations omitted).

      Although a court should draw all inferences from the supporting records submitted by the

---

[1] *See* Compl. ¶ 6 ("On January 24, 2005 Lawrence Oputa misrepresented to Capital City Mortgage Corporation and Thomas Nash, (hereinafter, "Capital City") that he purchased the First Trust Note for the subject premises from 1006 Girard Street, N.W., Inc.").  As the Court will discuss later in this Opinion, however, the issue of ownership with respect to 1304 Girard Street, NW, has already been determined by prior Order of the Superior Court of the District of Columbia such that Plaintiffs were determined not to have an interest in the property based on which Plaintiffs presently request relief.

nonmoving party, the mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To be material, the factual assertion must be capable of affecting the substantive outcome of the litigation; to be genuine, the issue must be supported by sufficient admissible evidence that a reasonable trier-of-fact could find for the nonmoving party. *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987); *Liberty Lobby*, 477 U.S. at 251 (the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). "If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (internal citations omitted). "Mere allegations or denials in the adverse party's pleadings are insufficient to defeat an otherwise proper motion for summary judgment." *Williams v. Callaghan*, 938 F. Supp. 46, 49 (D.D.C. 1996). The adverse party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, while the movant bears the initial responsibility of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact, the burden shifts to the non-movant to "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* at 587 (citing Fed. R. Civ. P. 56(e)) (emphasis in original).

The material facts in the instant case are both easily discernable and limit the scope of the Court's inquiry into the unreliable factual history set forth by Plaintiffs in the Complaint and Plaintiffs' Opposition to Defendants' Motion for Summary Judgment because such facts have largely been adjudicated by prior orders of this and the Superior Court of the District of

Columbia. On July 19, 1995, the Superior Court of the District of Columbia issued a default judgment against Plaintiffs in a suit to quiet title. Plaintiffs were determined not to have a property interest in 1304 Girard St., NW, by virtue of this Order. *See* Def.'s Mot. Summ Judg. at Exh. 6 (*Capital City Mortgage Corp. v. Lawrence Oputa, et. al.*, CA 94–9857, Judge John Bayly (Order June 19, 1995)) (ordering that judgment by default be entered as to Defendants Homes for the Homeless & Low Income, Inc. and 1006 Girard Street, NW, Inc.). *See also dkt. entry* [39] (Judge John M. Facciola's Report and Recommendation as to Defendants District of Columbia and Capital City Mortgage Co., adopted by the Court on April 4, 2002 ("The loss of property for which plaintiff seeks redress occurred on July 19, 1995, when the Superior Court entered a default judgment against Homes for the Homeless, Inc., the record owner of the property.")). The Supreme Court has stated that "[u]nder res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine bars "the same parties from litigating a second lawsuit on the same claim, or any other claim arising from the same transaction or series of transactions and that could have–but was not–raised in the first suit." *Black's Law Dictionary* 1312 (7th ed. 1999). It is clear to the Court that Plaintiffs cannot relitigate the very issues decided by Judge Bayly in the Superior Court of the District of Columbia, and that Plaintiffs' apparent failure to file an appeal in that case does not give Plaintiffs leave to attempt to relitigate decided issues before the instant Court.

      Thus, Plaintiffs' Complaint is entirely premised on property to which Plaintiffs have been determined not to have title. The representations on which the Complaint is based, which occurred in September and November of 1995, also occurred after Plaintiffs were legally

determined not to have title to the property at issue. Given this fact, the Court is extremely surprised that this action, which is frivolous on its face in light of the aforementioned prior Orders, is being pursued against Defendants.[2]

Based on the aforementioned reasons, the Court shall GRANT Defendants' [74] Motion for Summary Judgment. An Order accompanies this Memorandum Opinion.

Date:   June 11, 2006

                                                /s/
                                    COLLEEN KOLLAR-KOTELLY
                                    United States District Judge

---

[2] While Defendants include a host of other arguments in their Motion for Summary Judgment, the facts as determined in prior Orders warrant the Court's summary treatment of the instant Motion.